T.C. Memo. 1997-430

UNITED STATES TAX COURT

UBER GONZALEZ AND LINDA GONZALEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4350-95.                    Filed September 23, 1997.

Uber and Linda Gonzalez, pro sese.

<u>Michael W. Bentley</u> and <u>Candace M. Williams</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $938 in petitioners' 1992 Federal income tax.  The issue for decision is whether petitioners are entitled to deduct on Schedule C unreimbursed amounts spent on transportation from petitioner's employer's yard to and from remote work sites.[1]

---

[1]  References to petitioner are to Uber Gonzalez.

All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners are husband and wife and resided in Eldorado, Texas, at the time they filed their petition. Linda Gonzalez is a party to this proceeding only by reason of having filed a joint return with petitioner.

Petitioner started to work for Wes-Tex Drilling Co. (Wes-Tex) in 1985. Petitioner worked only for Wes-Tex during 1992. During 1992, petitioner worked on different, remote wells as a chainman in a crew which worked on oil and gas drilling rigs. Wes-Tex provided all the tools which petitioner needed. Petitioner was required to pay for safety equipment and his transportation to and from the company's yard and worksite. Wes-Tex did not reimburse petitioner for these expenses. Wes-Tex paid petitioner an hourly wage that did not depend on the amount of oil or gas retrieved from the well.

Wes-Tex issued petitioner a Form W-2 listing wages of $19,762.07 for 1992. Petitioner reported wages from Wes-Tex on Schedule C of his 1992 joint Federal income tax return (petitioner's return). Petitioner reported expenses of $6,220 on Schedule C, thereby reducing the claimed profit to $13,542.

These Schedule C expenses consisted of $5,600 for driving 20,000 miles "hauling crew to worksite" and $620 spent on safety equipment.

## OPINION

We must decide whether petitioner correctly reported his income and expenses on Schedule C of his return. Respondent contends that petitioner, as an employee, must claim the expenses at issue on his Schedule A as miscellaneous itemized deductions and that they are limited to the extent they exceed the 2-percent floor imposed by section 67. "To be reportable on Schedule C, a taxpayer's income must arise from a trade or business, other than that of being an employee. If a taxpayer's earnings arise from working as an employee, they must be reported as wages." Walker v. Commissioner, 101 T.C. 537, 541 (1993). Petitioner admitted at trial that he was an employee of Wes-Tex.

Section 62(a)(1) allows taxpayers to deduct from gross income trade or business expenses "which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee." The $6,220 in expenses deducted by petitioners on their Schedule C was for unreimbursed employee expenses. Petitioners therefore must deduct these expenses subject to the 2-percent floor of section 67. Secs. 62, 67, 162; In re Black, 131 Bankr. 106 (Bankr. E.D. Ark. 1991); see also

<u>Alexander v. Commissioner</u>, T.C. Memo. 1995-51, affd. 72 F.3d 938 (1st Cir. 1995).

Petitioners' argument consists of policy arguments that are not supported by the statutes or by case law (none is cited by petitioners). Petitioners feel that they should be entitled to deduct unreimbursed employee expenses on their Schedule C and "request that the Tax Court recommend to Internal Revenue that this situation be corrected either by the reinstatement of the pre-1984 method of subtracting all trade deductions or by inclusion of the 'Statutory Employee' designation for those employees who are delivering or constructing on site." Petitioners have chosen the wrong forum in which to raise these arguments. If petitioners would prefer the law to be different, we would refer them to Congress. See U.S. Const. art. 1, sec. 1.

Petitioners bear the burden of proof. Rule 142(a). They have shown no reason why they fall outside the reach of section 67. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.